IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON J. BRESSI, | No. 4:22-CV-01192 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| SUPERINTENDENT SOLOMON, | |
| Respondent. | |

MEMORANDUM OPINION

SEPTEMBER 19, 2023

Petitioner Aaron J. Bressi initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Bressi, however, has procedurally defaulted the claims he asserts, and he fails to satisfy the stringent requirements for excusing his procedural default. The Court, therefore, must dismiss his Section 2254 petition.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

In 2017, Bressi was convicted following a jury trial on multiple charges including terroristic threats, aggravated assault, simple assault, stalking, and driving infractions.[1] He was sentenced to an aggregate term of four to eight years' incarceration.[2]

---

[1] *See Commonwealth v. Bressi*, No. 1887 MDA 2017, 2019 WL 1125670, at *1 (Pa. Super. Ct. Mar. 12, 2019) (nonprecedential).

[2] *Id.*

Bressi filed a counseled direct appeal, raising a single claim challenging the sufficiency of the evidence as to his conviction for "accidents involving damage to attended vehicle."[3] The Superior Court of Pennsylvania affirmed the challenged conviction and sentence.[4] Bressi filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which petition was denied on September 14, 2019.[5]

Bressi then filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA)[6] in December 2019.[7] In that petition, he specifically indicated that he did not want a lawyer to represent him.[8] The PCRA court, likely overlooking Bressi's unusual request to seek post-conviction relief *pro se*, appointed Matthew Slivinski, Esq., as PCRA counsel in May 2020.[9] Bressi promptly wrote a letter to the PCRA court, reiterating his desire to proceed without representation and seeking a hearing on the matter.[10] The PCRA held a hearing on Bressi's request to proceed *pro se*,[11] but not before his appointed counsel filed a *Turner/Finley*[12] letter, indicating that none of Bressi's post-conviction claims had

---

[3] *Id.*, at *2; *see* 75 PA. CONS. STAT. § 3743.
[4] *Bressi*, No. 1887 MDA 2017, 2019 WL 1125670, at *3.
[5] *Commonwealth v. Bressi*, No. 258 MAL 2019, 217 A.3d 800 (Pa. Sept. 4, 2019) (table).
[6] 42 PA. CONS. STAT. § 9541 *et seq.*
[7] *See* Doc. 1 at 2-21.
[8] Doc. 1 at 15.
[9] *See* Doc. 47-17.
[10] *See* Doc. 1 at 32-33.
[11] *See generally* Doc. 47-19.
[12] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988) (en banc).

merit.[13] At the conclusion of the hearing, the PCRA court granted Bressi's request to proceed *pro se*.[14]

After holding an evidentiary hearing on Bressi's claims,[15] the PCRA court ultimately denied Bressi's PCRA petition on June 30, 2021.[16] That June 30 order also informed Bressi that he had 30 days to appeal.[17] Bressi, however, failed to timely appeal the denial of his PCRA petition. Instead, he filed an untimely notice of appeal on October 25, 2021,[18] which the Superior Court quashed *sua sponte* on April 1, 2022—pursuant to Pennsylvania Rule of Appellate Procedure 903(a)—following Bressi's failure to respond to its show-cause order.[19]

Prior to filing his untimely PCRA appeal, Bressi filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.[20] That petition was dismissed without prejudice for failure to exhaust state remedies.[21]

After an initial unsuccessful attempt to reopen his previous case,[22] Bressi was ultimately permitted to refile his initial Section 2254 petition in July 2022, which case was opened at a new docket number (4:22-CV-01192). Bressi

---

[13] *See* Doc. 47-18.
[14] *See* Doc. 47-19 at 5.
[15] *See generally* Doc. 47-21.
[16] *See* Doc. 47-22 at 2.
[17] *See id.*
[18] *See* Doc. 47-1 at 26; Doc. 47-23 at 3.
[19] *See* Doc. 47-23 at 4, 5.
[20] *See Bressi v. Solomon*, No. 1:21-cv-01187, Doc. 1 (M.D. Pa. July 7, 2021).
[21] *See id.*, Docs. 13, 15.
[22] *See id.*, Docs. 16, 18-22.

specifically requested that the Court utilize his initial Section 2254 petition and all other "original filings/records" from case number 1:21-CV-01187 in the instant case,[23] and the Court granted that request.[24] However, because Bressi's petition did not state facts supporting his vague grounds for relief,[25] the Court ordered Bressi to specify the grounds for relief and provide supporting facts as required by the Rules Governing Section 2254 petitions.[26]

Bressi eventually complied and filed a statement of facts regarding his numerous claims of state-court error.[27] Respondent was served and filed a response to Bressi's Section 2254 petition.[28] Bressi filed a traverse,[29] and his petition is now ripe for disposition.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[30] mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief.[31] An exhausted claim is one that has been "fairly presented" to the state courts "by

---

[23] *See id.*, Doc. 29.
[24] *See id.*, Doc. 31.
[25] *See* Doc. 6 at 1 & n.2 (noting that Bressi's Section 2254 petition fails to comply with 28 U.S.C. § 2254 Rule 2(c)(2), which requires, among other things, that the petition "state the facts supporting each ground" for relief).
[26] *See id.* at 2 ¶ 1; *see also* Doc. 11.
[27] *See generally* Doc. 12.
[28] Doc. 47.
[29] Doc. 53.
[30] 28 U.S.C. §§ 2241-2254.
[31] *Id.* § 2254(b)(1)(A).

invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits.[32]

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play."[33] Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even one that implicates constitutional concerns.[34]

A few limited exceptions to this rule exist. One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."[35] "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule."[36] To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of

---

[32] *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).
[33] *Carpenter*, 296 F.3d at 146 (citations omitted).
[34] *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 747-48 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977)).
[35] *Id.* at 10 (citing *Coleman*, 501 U.S. at 750).
[36] *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted).

5

constitutional dimensions."[37] If cause and prejudice are established, the federal court reviews the claim *de novo* "because the state court did not consider the claim on the merits."[38]

Another rare exception that will excuse a procedural default is if the petitioner can show that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'"[39] To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically will have to show actual innocence.[40]

### III. DISCUSSION

Respondent correctly asserts that Bressi's habeas claims are vague and fail to cite to the state-court record. Bressi's supplemental statement of "facts supporting each ground for relief" appears to raise multitudinous claims of state-court and attorney error, but does not properly specify what types of constitutional claims he is raising.[41] Moreover, rather than citing to the state-court record, Bressi repeatedly refers to "Claim 1" and "Claim 2,"[42] which seem to be a reference to his ambiguous grounds for relief in his Section 2254 petition.[43]

---

[37] *Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).
[38] *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017), *cert. denied sub nom. Gilmore v. Bey*, 138 S. Ct. 740 (2018) (mem.) (citation omitted).
[39] *Carpenter*, 296 F.3d at 146 (quoting *Coleman*, 501 U.S. at 750).
[40] *Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).
[41] *See generally* Doc. 12.
[42] *See generally id.*
[43] *See* Doc. 1 at 5 (stating, as Ground One, "A Violation of the Constitution of this Cmwlth./laws of the United States/Miscarriage of Justice"); *id.* at 7 (stating, as Ground Two, "Ineffective Assistance of Counsel").

Nevertheless, it is unnecessary to try to interpret Bressi's statement of facts or determine what type of habeas claims he is attempting to raise. Even assuming that Bressi is raising claims of ineffective assistance of counsel or other constitutional violations (and that he properly asserted those claims in his *pro se* PCRA petition), he has procedurally defaulted any claim that he seeks to raise in federal court. Bressi, moreover, has not addressed, let alone established, cause and prejudice to excuse his default.

As noted above, to properly exhaust a claim, a petitioner must "fairly present[]" that claim to the state courts "by invoking one complete round of the State's established appellate review process," and the claim must be adjudicated on the merits.[44] If the petitioner fails in this task, and state law clearly forecloses review of the claim, the exhaustion requirement is technically satisfied but the claim will be deemed procedurally defaulted.[45] "[U]nder [the doctrine of procedural default,] a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the

---

44  *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).
45  *See Carpenter*, 296 F.3d at 146.

judgment and the rule is firmly established and consistently followed."[46]

Bressi did not invoke one complete round of Pennsylvania's established appellate review process for any habeas claim. That is because Bressi, acting *pro se*, failed to timely appeal the denial of his PCRA petition to the Superior Court of Pennsylvania. The Superior Court, relying on Pennsylvania Rule of Appellate Procedure 903(a),[47] *sua sponte* quashed Bressi's appeal as untimely and did not reach the merits of any claim. Courts within this circuit have repeatedly found that Rule 903 is an independent and adequate state procedural rule that is firmly established and consistently followed.[48] Accordingly, any habeas claims that Bressi is attempting to raise in this Court are procedurally defaulted.[49]

Bressi does not address his procedural default in his petition, statement of facts, or traverse. Nor does he identify, let alone establish, cause and prejudice to excuse his default or a fundamental miscarriage of justice. Indeed, the only person responsible for default is Bressi, who specifically requested to act *pro se* during his PCRA proceedings, so he cannot now claim that "something *external* to" him or "that cannot fairly be attributed to him[,] . . . impeded [his] efforts" to timely

---

[46] *Martinez*, 566 U.S. at 9.
[47] Pennsylvania Rule of Appellate Procedure 903(a) requires a notice of appeal generally to be filed "within 30 days after the entry of the order from which the appeal is taken." PA. R. APP. P. 903(a).
[48] *See Bond v. Fulcomer*, 864 F.2d 306, 311-12 (3d Cir. 1989), *overruled on other grounds by Harris v. Reed*, 489 U.S. 255 (1989); *Mobley v. Tritt*, No. 16-cv-761, 2019 WL 3215995, at *10-11 (E.D. Pa. June 18, 2019) (collecting cases).
[49] Bressi does not appear to assert the one claim that he did fully exhaust on direct appeal, *i.e.*, a sufficiency-of-the-evidence challenge to his conviction under 75 PA. CONS. STAT. § 3743.

appeal the denial of his PCRA petition.[50]  Consequently, this Court cannot review the merits of any of his claims.[51]  Bressi's Section 2254 petition, therefore, must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the Court must dismiss Bressi's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court likewise declines to issue a certificate of appealability, as Bressi has failed to make a substantial showing of the denial of a constitutional right,[52] or that "jurists of reason would find it debatable" whether this Court's procedural ruling is correct.[53]  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[50] *Maples*, 565 U.S. at 280 (alterations in original) (citations and internal quotation marks omitted).
[51] *See Martinez*, 566 U.S. 9; *Coleman*, 501 U.S. at 750.
[52] 28 U.S.C. § 2253(c)(2).
[53] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).